UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY TOMPKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:20-cv-422-NCC |
| DALTON MORITZ, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Terry Tompkins, an inmate at the Potosi Correctional Center ("PCC"), for leave to commence this civil action without payment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $42.47. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 4). A review of plaintiff's account indicates an average monthly deposit of $31.84 and an average monthly balance of $212.33. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $42.47, which is 20 percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983. The sole named defendant is Dalton Moritz, a correctional officer at PCC. Defendant Moritz is sued in both his individual and official capacities. Plaintiff claims that on May 18, 2019, Moritz violated his First Amendment right to freely practice his religion when he was denied a Ramadan meal. Plaintiff does not allege the specific religion he practices.

Plaintiff states that Officer Moritz was the individual responsible for passing out Ramadan meals. He further alleges that Officer Moritz told him "he could not feed [him] due to him running out of Ramadan bags." As a result of this incident, plaintiff states that Officer Moritz denied him the "reasonable opportunity to attain [his] Ramadan, substantially burdening [his] religiously

3

motivated conduct." (Docket No. 1 at 4). Plaintiff filed a grievance and PCC responded.[1] Staff at PCC explained they had erroneously prepared an insufficient number of Ramadan meals on May 18, 2019, assured plaintiff that the discrepancy would not occur again, and offered an apology. (Docket No. 1-2 at 1-3). Plaintiff does not allege he was denied a Ramadan meal subsequent to the May 18, 2019 incident.

Plaintiff seeks $800.00 in compensatory damages.

## Discussion

As noted above, plaintiff accuses Officer Moritz of violating his First Amendment rights by failing to provide him with a Ramadan bag on May 18, 2019. For the reasons discussed below, this action will be dismissed without prejudice for failure to state a claim.

### A. Official Capacity Claim

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

---

[1] Attached to the complaint is a copy of plaintiff's informal resolution response, grievance response, and grievance appeal response. These attachments will be treated as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

4

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Officer Moritz is alleged to be a correctional officer at PCC. Thus, he is employed by the Missouri Department of Corrections, which is a department of the State of Missouri. As such, plaintiff's official capacity claim is actually against the State of Missouri itself.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Because the State of Missouri is not a person, plaintiff's claim against it must fail. Therefore, plaintiff's official capacity claim against Officer Moritz must be dismissed.

**B. Individual Capacity Claim**

Prison inmates retain protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974) and *Cruz v. Beto,* 405 U.S. 319 (1972)). These rights are limited, however, by considerations unique to the demands of the penal system. *Id. See also Murphy v. Missouri Dept. of Corrections*, 372 F.3d 979, 983 (8th Cir. 2004) (prisoners are subject to limitations on their constitutional rights "in light of the needs of the

5

system"). In balancing the constitutional rights of the prisoner with the valid objectives of the penal system, courts typically defer to prison authorities "who are actually charged with and trained in the running of the particular institution under examination." *O'Lone*, 405 U.S. at 349.

With this deference in mind, courts have developed a reasonableness test less restrictive than that usually applied to alleged infringements of constitutional rights. *Id.* at 349. Specifically, in order to make a valid First Amendment claim, plaintiff must establish (1) that his religious beliefs are sincerely held and (2) that his free exercise of those beliefs have been actually infringed upon by the defendant. *See Goff v. Graves*, 362 F.3d 543, 547 (8th Cir. 2004). Actual infringement occurs when a prison places a "substantial burden" on an inmate's ability to practice religion. *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). Substantially burdening an inmate's free exercise of religion means that the regulation:

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (citing *Murphy*, 372 F.3d at 988).

If the plaintiff is able to show that he was substantially burdened, the defendant may still prevail if he can establish that the prison regulations are "reasonably related to legitimate penological interests." *Goff*, 362 F.3d at 549. *See also Turner v. Safley*, 482 U.S. 78, 89 (1987) (stating that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests").

"Multiple courts agree inadvertent and isolated incidents of religious dietary missteps do not, as a matter of law, constitute a substantial burden on a plaintiff's religion." *Mbonyunkiza v. Beasely*, 2018 WL 10483964, at *6 (S.D. Iowa Sept. 28, 2018) (collecting cases). For example, in *Phillips v. Boone Cty. Jail*, 2009 WL 648905, at *1 (W.D. Mo. Mar. 10, 2009), the district court held that a "one-time incident" of serving a meal with pork to Muslim inmates "cannot be said to substantially burden their exercise of religion." In denying the First Amendment claim, the district court also took into account that the incident was not intentional, noting "grievance documents submitted with the complaint clearly indicate[d] this was a one-time incident, was accidental, and defendants offered their apologies." *Id. See also Johnson-Bey v. Ind. Dep't of Corr.*, 668 F. Supp. 2d 1122, 1129 (N.D. Ind. Oct. 20, 2009) (finding one isolated negligent act of serving pork to a Muslim inmate did not rise to the level of a First Amendment violation).

In *Maynard v. Hale*, 2012 WL 3401095, at *1 (M.D. Tenn. Aug. 14, 2012), plaintiff alleged that defendants interfered with his ability to fast during Ramadan by serving insufficient meals on five occasions. The district court stated that "missing one meal did not affect . . . his ability to practice his religion. Moreover, a short-term and sporadic disruption of his Ramadan eating habits does not . . . allege a substantial burden on his religious freedom." *Id.* at *4. Similarly, in *Crump v. Best*, 2012 WL 1056806, *8 (E.D. Mich. Mar. 5, 2012), the Court found that having to eat cold or uncooked food on six occasions was not "sufficiently serious so as to constitute a 'substantial burden' on Plaintiff's ability to observe the Ramadan holiday[.]"

In *Griffith v. Hofmann*, 2008 WL 4682690, at *7 (D. Vt. Oct. 21, 2008), the prisoner complained that his Ramadan meals were smaller portions than usual and were cold. In dismissing his claim, the Court noted, "[t]here may be inconveniences [regarding denials of religiously

7

required food] so trivial that they are most properly ignored. In this respect, this area of the law is no different from many others in which the time-honored maxim 'de minimis non curat lex' applies." *Id.* (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 203 n. 6 (2nd Cir. 2004)). In other words, a minor deprivation of a religious meal does not place a substantial burden on a plaintiff's ability to practice his or her religion.

Here, as in the cases discussed above, plaintiff points to only a single instance in which he did not receive a Ramadan meal. There are no facts to support plaintiff's conclusion that this solitary incident substantially burdened his ability to practice his religion. Moreover, there is no indication whatsoever that Officer Moritz acted in such a way as to intentionally deprive plaintiff of his Ramadan meal, or even that it was Officer Moritz's fault that PCC ran out of Ramadan bags on May 18, 2019. Therefore, plaintiff has failed to state a claim against Officer Moritz in his individual capacity, and the claim must be dismissed.

### C. Preservice Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that plaintiff has failed to state a claim under the First Amendment. As to plaintiff's official capacity claim, the claim is actually against the State of Missouri, Officer Moritz's employer. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. With regard to plaintiff's individual capacity claim, plaintiff has not established that his religious beliefs are sincerely held. Indeed, he has not even provided details as to the specific religion he practices. Moreover, plaintiff's allegation that he was deprived of a religious meal on a single occasion does

not rise to the level of a substantial burden significantly inhibiting or meaningfully curtailing his ability to practice his religion. As such, this action must be dismissed without prejudice.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $42.47 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this **20th** day of **April**, 2020.

                                      /s/ Stephen N. Limbaugh, Jr.
                                      STEPHEN N. LIMBAUGH, JR.
                                      UNITED STATES DISTRICT JUDGE